THOMAS E. WHEELER (CA Bar #304191)
ENVIRONMENTAL PROTECTION INFORMATION CENTER
145 G Street, Suite A
Arcata, California 95521
Ph: (707) 822-7711
tom@wildcalifornia.org

SANGYE INCE-JOHANNSEN (*Appearing pro hac vice*)
WESTERN ENVIRONMENTAL LAW CENTER
120 Shelton McMurphey Boulevard, Suite 340
Eugene, OR 97401
Ph: (541) 778-6626
sangyeij@westernlaw.org

MARLYN J. TWITCHELL (*Appearing pro hac vice*)
WESTERN ENVIRONMENTAL LAW CENTER
2400 NW 80th Street, #338
Seattle, WA 98117
Ph: (206) 487-7230 ext. 144
twitchell@westernlaw.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER,<br>          Plaintiff,<br><br>     vs.<br><br>PAUL SOUZA, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service; and U.S. FISH AND WILDLIFE SERVICE,<br>          Defendants,<br><br>     and<br><br>GREEN DIAMOND RESOURCE COMPANY,<br>          Defendant-Intervenor. | Case No. 4:25-cv-03049-JST<br><br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Page **1** of **11**

The parties to the above-titled action jointly submit this Case Management Statement and Proposed Order pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA, and CIVIL LOCAL RULE 16-9.

1.      Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Plaintiff alleges that this Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question), 16 U.S.C. § 1540(g) (Endangered Species Act citizen suit), and/or 5 U.S.C. § 702 (Administrative Procedure Act). Defendants state that Plaintiff may not be able to establish the Court's jurisdiction under Article III. Defendants have been served.

2.      Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

In 2019, the U.S. Fish and Wildlife Service (FWS) completed its biological opinion (BiOp) under the Endangered Species Act (ESA) on Green Diamond Resource Company's proposed habitat conservation plan (HCP) for logging operations on approximately 365,000 acres of timberland Green Diamond owns in Del Norte and Humboldt counties in northern California. In its BiOp, FWS concluded that issuing the incidental take permit (ITP) and approving the HCP is not likely to jeopardize the continued existence of listed species including northern spotted owls, and would have "no effects" on marbled murrelet or marbled murrelet critical habitat. FWS approved the HCP and issued a corresponding ITP on June 13, 2019 (ITP #TE43702D-0) for a 50-year term.

On September 17, 2020, and again on February 12, 2025, Plaintiff sent FWS a letter in which it purported to provide 60-day notice of its intent to file suit against FWS to assert violations of the ESA associated with FWS's approval of the HCP and issuance of the BiOp and

ITP. The updated letter included, inter alia, Plaintiff's description of more recent action relating to an experimental barred owl removal program on Green Diamond's property.

3.      Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff alleges that the FWS violated Section 7(a)(2) of the ESA, 16 U.S.C. § 1536(a)(2), by: failing to use the best available science in the BiOp, failing to ensure its actions would not jeopardize the continued existence of the northern spotted owl and marbled murrelet, and incorrectly determining the project would have "no effect" on marbled murrelets or their critical habitat. Plaintiff also alleges FWS violated Section 10(a)(2)(B) of the ESA, 16 U.S.C. § 1539(a)(2)(B), by approving a Habitat Conservation Plan (HCP) and issuing an Incidental Take Permit (ITP) that fail to minimize and mitigate impacts to the maximum extent practicable and are not supported by adequate implementation assurances. All claims are brought under the APA's arbitrary and capricious standard of review, 5 U.S.C. § 706(2)(A).

Defendants dispute these claims. Defendants assert that FWS considered the relevant factors, appropriately applied the ESA's legal requirements, and engaged in reasoned decision-making, as reflected more fully, they assert, in the challenged decisions and administrative record. Defendants may also contend that Plaintiff failed to comply with Section 11(g)(2) of the ESA, 16 U.S.C. § 1540(g)(2), prior to filing suit.

4.      Motions

*All prior and pending motions, their current status, and any anticipated motions.*

No motions have been filed. Defendants may file a motion under FRCP 12(b)(1) and/or 12(b)(6) to dismiss certain claims due to noncompliance with the ESA's 60-day notice requirement, 16 U.S.C. § 1540(g)(2).  The parties anticipate that all remaining claims will be decided on cross motions for summary judgment.

5.      Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff Environmental Protection Information Center anticipates that it may seek leave to amend its Amended Complaint, in conformance with FED. R. CIV. P. 15(a)(2), after it completes its review of the Administrative Record. The parties have provided for this possibility in the proposed schedule below.

6.      Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer. In this matter, such preservation is limited to that which is necessary to prepare and file the administrative record(s).

7.      Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Not applicable. The parties agree that this case can be resolved on the basis of the Administrative Record, and do not intend to take or pursue discovery.

8.      Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Discovery has not been taken. The parties agree that this case can be resolved on the basis of the Administrative Record, and do not intend to take or pursue discovery.

9.      Class Actions
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

10.     Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Not applicable.

11.     Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks declaratory and injunctive relief. Specifically, Plaintiff requests that the Court: (1) declare that FWS violated the ESA and APA by failing to use the best available science, relying on inadequate conservation measures, using an illegal definition of "take," failing to consider climate change, and incorrectly determining "no effects" to marbled murrelet in the Biological Opinion (BiOp) and Incidental Take Permit (ITP); (2) declare that FWS violated the ESA and APA by approving the Habitat Conservation Plan (HCP) without sufficient information to make a no-jeopardy finding for the full 50-year permit term; (3) set aside and vacate the BiOp and ITP until FWS has complied with the law; (4) award Plaintiff reasonable fees, costs, and expenses, including attorney fees, pursuant to 16 U.S.C. § 1540(g)(4); (5) grant such other and further relief as the Court deems just and equitable.

Defendants dispute Plaintiff's entitlement to any relief and, therefore, oppose the relief sought.

12.    Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have complied with ADR L.R. 3-5 and do not believe that settlement or ADR would be productive at this time.

13.    Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties agree this case is not suitable for other references. All parties do not consent to the jurisdiction of a magistrate judge.

14.    Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

The parties agree that the legal claims and counter claims identified in the Complaint and Answers are consequential and resolution on cross motions for summary judgment is the only expeditious means of resolving this case.  Nevertheless, and pursuant to the STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA, the parties contend the issues listed in the "Legal Issues" section above are the most consequential to the case.  Those issues are as follows:

**Whether FWS complied with Section 7(a)(2) of the ESA, 16 U.S.C. § 1536(a)(2), when approving the HCP and issuing the ITP.**

**Whether FWS complied with Section 10(a)(2)(B) of the ESA, 16 U.S.C. § 1539(a)(2)(B), when approving the HCP and issuing the ITP.**

**Whether Plaintiff complied with Section 11(g)(2) of the ESA, 16 U.S.C. § 1540(g)(2), prior to filing suit.**

15.    Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| Event | Deadline | Comments |
|---|---|---|
| Federal Defendants to file responsive pleading | Tuesday, July 22, 2025 | N/A |
| Federal Defendants to certify, serve, and manually lodge the administrative record in electronic (AR) | Friday, September 19, 2025 | N/A |
| Defendants' Motion to Dismiss* | October 3, 2025 | N/A |
| Motion to complete, supplement or challenge the administrative record;* or to seek leave to amend the pleadings** | Tuesday, November 18, 2025 | N/A |
| Plaintiff's Motion for Summary Judgment** | Thursday, November 20, 2025 | 35 pages*** |
| Federal Defendants' Combined Cross Motion for Summary Judgment and Opposition | Thursday, January 29, 2026 | 35 pages*** |
| Intervenor's Combined Cross Motion for Summary Judgment and Opposition | Thursday, February 5, 2026 | 35 pages*** |
| Plaintiff's Combined Reply in support of its Motion for Summary Judgment and Opposition to Defendants' Motions for Summary Judgment | Thursday, March 5, 2026 | 45 pages*** |
| Federal Defendants' Reply | Thursday, April 2, 2026 | 30 pages*** |
| Intervenor's Reply | Thursday, April 9, 2026 | 20 pages*** |
| Hearing on the Cross Motions for Summary Judgment | At the Court's convenience | N/A |

\* The parties agree to stay the briefing deadlines set forth above in the event that any party files a motion to complete or supplement the administrative record, to dismiss, or to amend the

pleadings in light of the administrative record. If any party elects to file such a motion, the parties will confer and negotiate a revised case management schedule, which will propose a briefing schedule for the pending motion and corresponding changes to the summary judgment briefing schedule.

** EPIC may seek leave to further amend its pleadings after review of the AR and before the deadline for its opening summary judgment brief.

***Given the complexity of the issues, the Parties respectfully request a modest exceedance in the page limits from those specified in the Court's Standing Order for All Civil Cases.

16.     Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Not applicable. The parties agree that this case can be resolved through motions to dismiss and/or for summary judgment.

17.     Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

All required disclosure statements have been filed. Other than the named parties, there is no conflict of interest to report.

18.     Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19.     Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None.

Respectfully submitted this 17th day of June, 2025

By /s/ Sangye Ince-Johannsen*
SANGYE INCE-JOHANNSEN
sangyeij@westernlaw.org
MARLYN J. TWITCHELL
twitchell@westernlaw.org
WESTERN ENVIRONMENTAL LAW CENTER

*Attorneys for Plaintiff*
ENVIRONMENTAL PROTECTION
INFORMATION CENTER

ADAM R. F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Erika Furlong
ERIKA FURLONG
Wildlife & Marine Resources Section
Trial Attorneys
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0540
Fax: (202) 305-0506
Erika.Furlong@usdoj.gov

*Attorneys for Federal Defendants*

/s/ Christopher J. Carr
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
LUCAS V. GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000

*Attorneys for Defendant-Intervenor*
GREEN DIAMOND RESOURCE COMPANY

* In compliance with Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.

**[PROPOSED] ORDER**

In light of the stipulated schedule set forth in the parties' Joint Case Management Statement, and good cause appearing, the Court sets the following schedule:

| Event | Deadline | Comments |
|---|---|---|
| Federal Defendants to file responsive pleading | Tuesday, July 22, 2025 | N/A |
| Federal Defendants to certify, serve, and manually lodge the administrative record in electronic (AR) | Friday, September 19, 2025 | N/A |
| Defendants' Motion to Dismiss | October 3, 2025 | N/A |
| Motion to complete, supplement or challenge the administrative record; or to seek leave to amend the pleadings | Tuesday, November 18, 2025 | N/A |
| Plaintiff's Motion for Summary Judgment | Thursday, November 20, 2025 | 35 pages |
| Federal Defendants' Combined Cross Motion for Summary Judgment and Opposition | Thursday, January 29, 2026 | 35 pages |
| Intervenor's Combined Cross Motion for Summary Judgment and Opposition | Thursday, February 5, 2026 | 35 pages |
| Plaintiff's Combined Reply in support of its Motion for Summary Judgment and Opposition to Defendants' Motions for Summary Judgment | Thursday, March 5, 2026 | 45 pages |
| Federal Defendants' Reply | Thursday, April 2, 2026 | 30 pages |
| Intervenor's Reply | Thursday, April 9, 2026 | 20 pages |
| Hearing on the Cross Motions for Summary Judgment | At the Court's convenience | N/A |

As requested by the parties, the briefing deadlines for the cross-motions for summary judgment shall be vacated in the event any of the following motions is timely filed: a motion to augment or otherwise challenge the contents of the administrative record, a motion to dismiss, or a motion to amend the pleadings. Within 14 days of the filing of any such motion, the parties are ordered to meet and confer and submit a proposed briefing schedule for the pending motion and corresponding changes to the summary judgment briefing schedule.

**IT IS SO ORDERED**.

DATED: _____          _____

                                                             JON S. TIGAR
                                                 United States District Judge