ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
MEREDITH FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief
ERIKA FURLONG, Trial Attorney (PA Bar No. 319350)
United States Department of Justice
Energy & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 598-9571
Email: Erika.Furlong@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN NESVIK, in his official capacity as Director of the U.S. Fish and Wildlife Service; and, U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | No. 4:25-CV-3049-JST<br><br>FEDERAL DEFENDANTS' NOTICE AND SUGGESTION OF MOOTNESS<br><br>Date: December 3, 2026<br>Time: 2:00 PM<br>Judge: Jon S. Tigar |

Federal Defendants notify the Court of an event that moots the Environmental Protection Information Center's (EPIC) marbled murrelet Claim 1, Counts 2 and 4, in their First Amended Complaint, ECF 20 ¶¶ 59-65, 72-75.[1]

On September 11, 2026, the U.S. Fish and Wildlife Service (FWS) completed review of Green Diamond Resource Company's (Green Diamond) Marbled Murrelet Habitat Conservation Plan (Murrelet HCP) and issued Green Diamond a 50-year incidental take permit (ITP) for the murrelet under Section 10(a)(1)(B) of the Endangered Species Act (ESA), 16 U.S.C. § 1539(a)(1)(B). *See* Ex. 1 at 1 (Murrelet ITP). Before issuing the permit, FWS completed an intra-Service Section 7 consultation and issued a biological opinion (BiOp). *See* Ex. 2 (Murrelet BiOp). The Murrelet HCP "encompasses" Green Diamond's Forest Habitat Conservation Plan (Forest HCP). *See* Ex. 2 at 2; *id*. at 14 (explaining that the covered activities "are the same between these conservation efforts, and the Plan Area of the Murrelet Plan encompasses the Plan Areas of the other conservation plans and agreements"). Both HCPs thus cover similar timber harvest and related forest management actions, but with important differences: the Forest HCP relied on take-avoidance actions to avoid effects to marbled murrelet, while the Murrelet HCP "guarantees management and conservation of murrelet for the 50-year Permit Term." Ex. 2 at 61. The Murrelet BiOp thus includes the Forest HCP's effects on marbled murrelets as part of the environmental baseline and analyzes the Murrelet HCP's effects on marbled murrelets. *Id.* at 3, 7–8, 14, 26–27; *see also* Ex. 1 at 1, 5 ¶ G. As a result, the Murrelet BiOp "supersedes and replaces" the murrelet determinations in FWS's 2019 BiOp for the Forest HCP, *see id*. at 2, 14–15, which EPIC challenges in this case, *see* ECF 20 ¶¶ 59-65, 72-75.

The Murrelet BiOp moots EPIC's marbled murrelet claims, even assuming the Court has jurisdiction over them.[2] "A claim is moot if it 'has lost its character as a live controversy.'" *All.*

---

[1] Federal Defendants file this notice because "it is the duty of counsel to bring to the federal tribunal's attention, 'without delay,' facts that may raise a question of mootness." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (citation omitted). To the extent required by Civil Local Rule 7-3(d), Federal Defendants also request leave to file this notice.

[2] EPIC lacks standing to pursue its murrelet claims, and that those claims fail on the merits. *See*

*for the Wild Rockies v. Savage*, 897 F.3d 1025, 1031 (9th Cir. 2018) (citation omitted). EPIC's marbled murrelet claims fail to present a live controversy for three reasons.

First, FWS provided the relief EPIC seeks. "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv*., 126 F.3d 1118, 1123 (9th Cir. 1997). EPIC here alleges that FWS failed to analyze the Forest HCP's effects on murrelets and their critical habitat, and it asks the Court to remand the Forest HCP BiOp for that analysis. ECF 20 ¶¶ 1, 43, 46, 59–65, 72–75; ECF 38 at 43:3-44:26, 45:1–23. But FWS has now completed that analysis for the same activities, across a broader area, with the Forest HCP in the environmental baseline. *See* Ex. 2 at 2–3, 7–8, 14, 26–27, 50–71. When FWS completes the consultation a plaintiff seeks, the plaintiff "has obtained all that it sought," and the claim is moot. *Savage*, 897 F.3d at 1031-32 (citation omitted).

Second, the Murrelet BiOp supersedes the Forest HCP BiOp analysis that EPIC challenges. EPIC argues that it challenges only "the adequacy of the BiOp['s]" murrelet analysis. ECF 49 at 16:10-14. But the Murrelet BiOp "replaces and supersedes previous determinations for the marbled murrelet" in the Forest HCP BiOp. *See* Ex. 2 at 14–15; *see id*. at 2, 8, 41, 50. A superseding BiOp moots issues relating to the preceding BiOp. *Am. Rivers*, 126 F.3d at 1123-24.

Third, the Murrelet HCP and ITP eliminate the premise of EPIC's take-avoidance argument. EPIC faults FWS for relying on a state agreement to avoid take of marbled murrelets. ECF 49 at 18–19. But the Murrelet HCP "replaces [this] project-by-project take avoidance." Ex. 2 at 14. The Murrelet HCP now "guarantees management and conservation of murrelet for the 50-year Permit Term." *Id*. at 61.The Murrelet HCP and BiOp thus "supersede … the take avoidance strategy that Green Diamond has been implementing for murrelet." *Id*. at 41. Because Federal permit conditions govern Green Diamond's murrelet obligations, Ex. 1 at 4–6 ¶¶ D, F, I, K–N, any disputes over the prior take-avoidance strategy are moot.

---

ECF 45 at 40-42; ECF 52 at 31-34. But the Court need not reach those questions. Mootness is a threshold jurisdictional issue, and the Court has "leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 431 (2007) (citations omitted).

No exception to mootness applies. The voluntary-cessation doctrine prevents a defendant from "automatically moot[ing] a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). But FWS did not end any prior conduct to escape review. FWS and Green Diamond began developing the Murrelet HCP in early 2020, years before EPIC sued, and FWS issued the permit after public notice and comment on the proposed Murrelet HCP. Ex. 2 at 13–14. The resulting permit runs for 50 years, and the superseded murrelet determinations have no remaining force. Ex. 1 at 1; Ex. 2 at 2, 14–15. Nor does the exception for disputes "capable of repetition, yet evading review" apply. That exception reaches only "extraordinary cases." *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (en banc) (citations omitted). It covers cases where "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration." *Nat'l Fam. Farm Coal. v. EPA*, 747 F. App'x 646, 647-48 (9th Cir. 2019) (citation omitted). A 50-year permit will not evade review. *See Am. Rivers*, 126 F.3d at 1124 (no evasion of review where the superseding BiOp would remain in effect until 1998).

This Notice addresses only EPIC's murrelet claims. Because EPIC's Claim 1, Counts 2 and 4 are moot, the Court should dismiss them. *See* Fed. R. Civ. P. 12(h)(3).

Dated: October 1, 2026 Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Energy & Natural Resources Division

<u>*/s/ Michael R. Eitel*</u>
MICHAEL R. EITEL (NE Bar No. 22889)
ERIKA FURLONG (PA Bar No. 319350)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 598-9571 / Fax: (202)305-0506
Erika.Furlong@usdoj.gov

*Attorneys for Federal Defendants*